```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION

Daniel L. Rittner, Sr.,         :

        Plaintiff,              :

    v.                          :     Case No. 2:11-cv-0826

Paul Weidman, et al.,           :     JUDGE JAMES L. GRAHAM
                                      Magistrate Judge Kemp
        Defendants.             :
```

REPORT AND RECOMMENDATION

Plaintiff, Daniel L. Rittner, Sr., a state prisoner, filed this civil rights action under 42 U.S.C. §1983 against various state prison officials. He has not paid the filing fee, but has filed a motion for leave to proceed *in forma pauperis.* That motion was accompanied by the required trust fund statement from his institution. In the usual case, the Court would assess a partial filing fee based on that trust fund statement.

However, Mr. Rittner has had three or more cases or appeals dismissed in the past as frivolous or for failure to state a claim. See, e.g., Rittner v. Moore, 2006 WL 2552492, Case No. 3:06-cv-1565 (N.D. Ohio September 5, 2006); Rittner v. Baker, 2005 WL 1802138, Case No. 3:05-cv-7188 (N.D. Ohio July 28, 2005); Rittner v. Williams, 2008 WL 657669, Case No. 3:05-cv-7118 (N.D. Ohio March 7, 2008); see also Rittner v. Kinder, 2006 WL 2794967, Case No. 3:06-cv-1943 (N.D. Ohio September 28, 2006) affirmed 290 Fed.Appx. 796, 798 (6th Cir. August 20, 2008) (unpublished). Under that portion of the Prison Litigation Reform Act codified at 28 U.S.C. §1915(g), the so-called "three strikes" rule, a prisoner may not bring a suit *in forma pauperis* if that prisoner "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Thus, he is not entitled to proceed *in forma pauperis* and to pay the filing fee in installments unless he can demonstrate that he meets the "imminent danger" requirement of §1915(g). Otherwise, he must pay the entire filing fee (currently $350.00) at the outset of the case.

    Mr. Rittner has addressed the issue of "imminent danger" in his initial motion (#1). There, he argues that he satisfies the "imminent danger" requirement for a number of reasons. First, Mr. Rittner claims that he is in such danger because of the defendants' deliberate indifference to his numerous medical restrictions and their refusal to allow him to discuss his medical needs with chief medical officers. Specifically, his complaint contains the following allegations. Since approximately 2002, Mr. Rittner has been diagnosed with cervical spine nerve damage, degenerative cervical spinal disease, low back spinal degenerative disease, and severe chronic pain. He contends that he is "self-prohibited" from taking strong medication to address his conditions and has been prescribed a TENS unit by specialists at the Ohio State University Medical Center Pain Clinic. While housed at the Allen Correctional Institution prior to his transfer to the Belmont Correctional Institution he was prescribed a "medical idle" prison classification. While the complaint is not clear, it suggests that prior to his transfer to Belmont, in addition to his TENS unit and his medical idle restriction he was also afforded the following accommodations - a TENS unit in transport, soft security restraints to protect him from injury, pain and suffering, an eye patch, knee braces, a wrist brace and low range and no lifting restrictions. Apparently, since his transfer to Belmont, Mr. Rittner has been seen by various medical personnel

at that institution but they have not granted him the same accommodations, although he has been granted a bottom bunk restriction.  According to Mr. Rittner, certain medical personnel at Belmont either have declined to discuss his various conditions and need for restrictions with him at his appointments or have falsified his medical records relating to these appointments in an effort to support the denial of his requested restrictions. Further, they have declined to provide various medications available to him at the Allen Correctional Institution but have "demanded" that he take a pain drug despite his self-prohibition.

Based on the above, he claims that he is in imminent danger of physical injury resulting from pain he will suffer if given a job assignment, transported without soft security restraints or a TENS unit, housed on the second floor, or has a tooth extracted. He also contends that daily activities cause him pain including "bending, sitting, lying, standing for even short periods of time."  He asserts that he will suffer psychosis and personality changes from any pain medication, neuropathy, headache, nausea, and depression from any physical activity, and that he may suffer a heart attack, seizure, coma or humiliating death.

Mr. Rittner also asserts that he is in imminent danger as a result of the alleged refusal, presumably by Belmont staff, to allow him to discuss his medical needs with chief medical officers.  This refusal, he contends, has resulted in untreated colo-rectal pain, seizures, and may result in numerous other conditions including permanent paralysis of the legs and premature death.  Finally, he asserts imminent danger as a result of the alleged falsification of his medical records, delays in receiving legal mail, and delays in grievance responses.

A fair reading of Mr. Rittner's complaint indicates that its primary focus is that the defendants are not addressing his chronic pain condition in either the way it was being addressed

at the Allen Correctional Institution or in the way he believes it should be addressed, and that this has placed him in imminent danger of serious physical injury.  The Sixth Circuit has recently held that the denial of medical treatment can satisfy the imminent danger requirement.  Vandiver v. Vasbinder, 416 Fed. Appx. 560, 563 (6th Cir. March 28, 2011) (alleged failure to treat diabetes and Hepatitis C) citing Ibrahim v. District of Columbia, 463 F.3d 3, 6-7 (D.C. Cir. 2006)(alleged failure to treat hepatitis C).  Other Courts of Appeals outside this Circuit likewise have found that the denial of treatment may result in the imminent danger of serious physical injury within the meaning of 28 U.S.C. §1915(g).  For example, in Jackson v. Jackson, 335 Fed.Appx. 14, 15 (11th Cir. 2009), the Eleventh Circuit found that the denial of hernia surgery met the imminent danger of serious physical injury requirement.  The Eleventh Circuit again found the requirement satisfied in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) as a result of the withdrawal of treatment for HIV and Hepatitis C, both chronic and possibly fatal diseases.  Further, the Seventh Circuit has found that "heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in ... legs and back" as a result of the denial of medication constituted serious physical injury. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Additionally, the failure to treat severe chronic pain has been found to satisfy the imminent danger requirement under specific circumstances.  Freeman v. Collins, Case No. 2:08-cv-71, 2011 WL 1397594, *6 (S.D. Ohio April 12, 2011) (Deavers, M.J.);  Perez v. Sullivan, 2005 WL 3434395, *2 (W.D. Wis. December 13, 2005).

   Here, however, Mr. Rittner's allegations of imminent harm are vague and conclusory.  Moreover, the allegations of his complaint indicate that Mr. Rittner has been seen by the medical staff at Belmont Correctional Institution, has had x-rays and lab

-4-

work, and has been advised to take pain medication.  See, e.g., Complaint (#1), at ¶¶23, 24.  In his complaint, Mr. Rittner references being seen by medical personnel on at least four occasions over an approximate six-week period.  Id. at ¶23 (July 13, 2011); ¶24 (June 16, 2011); ¶40 (June 13, 2011 and July 25, 2011).  Consequently, the essence of Mr. Rittner's complaint is that he disagrees with the opinions of the medical staff at the Belmont Correctional Institution who, by his own admission, have examined him.  Such allegations are insufficient to satisfy the imminent danger requirement of 28 U.S.C. 1915(g).  Numerous other courts have reached the same conclusion in similar circumstances. See, e.g., Watley v. Escobar, 2010 WL 1643801 (N.D. Ohio April 22, 2010)(no imminent danger where plaintiff received medical treatment but disagreed with conclusions of medical personnel); James v. Hunter, 2009 WL 3052131, *3 (S.D Alabama September 18, 2009) (disagreement with medical treatment provided does not satisfy § 1915(g) exception);  Joyner v. Fish, 2008 WL 2646691 (W.D.Va. July 3, 2008) (imminent danger not demonstrated when plaintiff had been given thorough medical treatment, never been denied doctor visit, and been advised to take medication but disagreed with opinions of medical professionals); Baugh v. Missouri Dept. of Corrections, 2008 WL 4831783, n.1 (E.D. Mo. November 5, 2008)(no imminent danger where plaintiff admitted he was offered treatment for medical conditions but disagreed with offered treatment); Brown v. Beard, 492 F.Supp.2d 474, 478 (E.D. Pa. June 27, 2007)(prisoner was not in imminent danger when disputing the quality of treatment he was receiving for various medical conditions).

    In summary, Mr. Rittner has failed to show that he was under imminent danger of serious physical injury as defined by §1915(g) for purposes of his current complaint filed while he was incarcerated at the Belmont Correctional Institution.

Consequently, the Court recommends that the pending motion to proceed *in forma pauperis* be denied and that Mr. Rittner be required to pay the entire $350.00 filing fee. The Court further recommends that, if Mr. Rittner fails to pay the entire filing fee within thirty days of an order adopting this Report and Recommendation, this action be dismissed without prejudice for failure to prosecute and that Mr. Rittner still be assessed the $350.00 filing fee. See, e.g., Cohen v. Growse, 2011 WL 947085, *5-6 (E.D. Ky. March 14, 2011); see also In re Alea, 286 F.3d 378, 381 (6th Cir. 2002).

### IV. Recommended Decision

Based on the above discussion, it is recommended that the motion to proceed *in forma pauperis* (#1) be denied and that plaintiff be required to pay the entire $350.00 filing fee. It is further recommended that plaintiff's failure to do so within 30 days of an order adopting this Report and Recommendation should result in this action being dismissed without prejudice for failure to prosecute and the assessment of the $350.00 filing fee against plaintiff.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                                <u>/s/ Terence P. Kemp</u>
                                                United States Magistrate Judge