IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Daniel L. Rittner, Sr.,        :

     Plaintiff,        :

  v.                  :       Case No. 2:11-cv-0826

Paul Weidman, et al.,      :       JUDGE JAMES L. GRAHAM
                            Magistrate Judge Kemp

     Defendants.      :

OPINION AND ORDER

This matter is before the Court on Plaintiff Daniel L.
Rittner, Sr.'s objections to a Report and Recommendation issued
by the Magistrate Judge on October 6, 2011.  The Court, having
reviewed the record *de novo*, finds for the reasons set out below
that the objections to the Report and Recommendation are without
merit.  Mr. Rittner's objections are **OVERRULED** and the **Report** and
**Recommendation** is **ADOPTED**.

I.

When objections are received to a Magistrate Judge's Report
and Recommendation on a dispositive matter, the assigned District
Judge "shall make a de novo determination ... of any portion of
the magistrate judge's disposition to which specific written
objection has been made ...."  Fed. R. Civ. P. 72(b).  After
review, the District Judge "may accept, reject, or modify the
recommended decision, receive further evidence, or recommit the
matter to the magistrate judge with instructions."  *Id.; see also*
28 U.S.C. §636(b)(1)(B).  General objections are insufficient to
preserve any issues for review; "[a] general objection to the
entirety of the magistrate's report has the same effects as would
a failure to object."  Howard v. Secretary of Health and Human
*Services*, 932 F.2d 505, 509 (6th Cir. 1991).

II.

In the Report and Recommendation, the Magistrate Judge recommended that Mr. Rittner's motion to proceed *in forma pauperis* (#1) be denied and that he be required to pay the entire $350.00 filing fee because he is subject to the "three-strikes" rule under 28 U.S.C. §1915(g) and has not met the imminent danger exception. In reaching this conclusion, the Magistrate Judge noted the litany of medical issues, alleged disregard of his medical restrictions, and the threat of imminent danger of serious physical injury asserted in the complaint. The Magistrate Judge, citing <u>Vandiver v. Vasbinder</u>, 416 Fed.Appx. 560, 563 (6th Cir. 2011), recognized that the denial of medical treatment can satisfy the imminent danger requirement. However, the Magistrate Judge concluded, based upon Mr. Rittner's discussion in his complaint that he had been "seen by medical personnel on at least four occasions over an approximate six-week period" that Mr. Rittner was not in danger of serious physical injury at the time he filed the complaint. <u>See</u> Report and Recommendation, p. 5.

In reaching this conclusion, the Magistrate Judge relied upon several cases holding that where a prisoner has received medical treatment but does not agree with the medical advice, imminent danger has not been established. <u>See</u>, <u>e.g.</u>, <u>Brown v. Beard</u>, 492 F.Supp.2d 474, 478 (E.D. Pa. 2007)(prisoner was not in imminent danger when disputing the quality of treatment he was receiving for various medical conditions); <u>Watley v. Escobar</u>, 2010 WL 1643801 (N.D. Ohio April 22, 2010)(no imminent danger where plaintiff received medical treatment but disagreed with conclusions of medical personnel); <u>James v. Hunter</u>, 2009 WL 3052131, *3 (S.D Alabama September 18, 2009) (disagreement with medical treatment provided does not satisfy § 1915(g) exception); <u>Joyner v. Fish</u>, 2008 WL 2646691 (W.D.Va. July 3, 2008) (imminent danger not demonstrated when plaintiff had been given thorough

medical treatment, never been denied doctor visit, and been advised to take medication but disagreed with opinions of medical professionals); Baugh v. Missouri Dept. of Corrections, 2008 WL 4831783, n.1 (E.D. Mo. November 5, 2008)(no imminent danger where plaintiff admitted he was offered treatment for medical conditions but disagreed with offered treatment).

III.

In his objection, Mr. Rittner does not address the Magistrate Judge's conclusion that he is subject to the "three-strikes" rule.  Further, he does not address specifically the Magistrate Judge's conclusion that he has failed to allege imminent danger of serious physical injury.  Rather, Mr. Rittner appears to be asserting the merits of both his Eighth Amendment claim for the denial of medical treatment and a First Amendment claim for the denial of access to the courts perhaps based on the mistaken belief that the Magistrate Judge recommended the dismissal of his complaint.

To the extent, however, that Mr. Rittner's objection could be construed as asserting disagreement with the Magistrate Judge's conclusion that he has not satisfied the imminent danger exception, his objection will be overruled.  In his objection, Mr. Rittner again details at some length his various medical conditions.  However, as in his complaint, he indicates that he has been seen by medical personnel.  At most, the only objection he potentially has raised is to the Magistrate Judge's conclusion that, for the purposes of the imminent danger exception, his complaint asserts disagreement with the medical opinions he has received, not the denial of medical treatment.  Despite his objection to the Magistrate Judge's characterization of his allegations in this way, Mr. Rittner again proceeds to assert his disagreement with various recommendations or diagnoses rather than the denial of medical treatment.  For example, Mr. Rittner states that defendants have prescribed Tegretal for his seizure

disorders when he believes they should have prescribed
oxcarbasepine.  Further, he describes being treated for a skin
infection after which he developed an internal infection and
another exam where he was given pain medication for what
defendant Weidman described as "'very bad' low back arthritis."

The only other issue raised in Mr. Rittner's objection is an
assertion that he "indicated injury and pending injury, imminent
danger" with respect to his access to the courts claim.  Mr.
Rittner has not alleged how the denial of access to the courts
could subject him to the danger of serious physical injury as
contemplated by 28 U.S.C. §1915(g).  Further, courts typically
require an Eighth Amendment violation to meet the requirements of
§1915(g).  See Cohen v. Growse, 2011 WL 947085, *5 (E.D. Ky.
March 14, 2011) (citing cases).

IV.

The Court has conducted a *de novo* review of Mr. Rittner's
complaint and agrees with the Magistrate Judge that Mr. Rittner
has failed to show that he was under imminent danger of serious
physical injury as defined by §1915(g) for purposes of his
current complaint filed while he was incarcerated at the Belmont
Correctional Institution.  Consequently, Mr. Rittner's motion to
proceed *in forma pauperis* will be denied and Mr. Rittner will be
required to pay the entire $350.00 filing fee.  If Mr. Rittner
fails to pay the entire filing fee within thirty days of this
order, this action will be dismissed without prejudice for
failure to prosecute and Mr. Rittner will be assessed the $350.00
filing fee.  See, e.g., Cohen, 2011 WL 947085 at *5-6; see also
In re Alea, 286 F.3d 378, 381 (6th Cir. 2002).

V.

For the reasons stated above, the Court **OVERRULES**
plaintiff's objection (#10) and hereby **ADOPTS** the Magistrate
Judge's Report and Recommendation (#3).  The motion to proceed *in*

*forma pauperis* (#1) is denied and plaintiff is required to pay the entire $350.00 filing fee.  If plaintiff fails to pay the entire filing fee within thirty days of this order, this action will be dismissed without prejudice for failure to prosecute.

**IT IS SO ORDERED.**


Date: February 24, 2012                   <u>        s/James L. Graham        </u>
                                          James L. Graham
                                          United States District Judge